IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stanley B. Doremus,                                    Case No. 3:17 CV 1856

                Plaintiff,            MEMORANDUM OPINION
                                        AND ORDER

    -vs-
                                              JUDGE JACK ZOUHARY

Shannon Zaborowski, et. al.,

                Defendants.

Plaintiff *pro se* Stanley Doremus filed this action under 42 U.S.C. § 1983 against his neighbor Shannon Zaborowski, the Toledo Police Department, the Lucas County Sheriff, the Toledo Municipal Court, and the Toledo Municipal Court "prosecutors and employees" (Doc. 1 at 1). He also raises claims and seeks damages against Eric Schwabel and various staff at St. Vincent's Hospital, though these individuals are not identified as Defendants in the case caption (*see id.* at 2–3). He also moves to proceed *in forma pauperis* (Doc. 2); that Motion is granted.

## BACKGROUND

In May 2017, Doremus alleges officers were investigating a crime near his home when Zaborowski approached them and reported something she overheard involving Doremus. The officers then came to his home, located across the street from the site of the investigation. Doremus states he asked them to leave seven times. He does not provide any other information concerning this incident.

Doremus next alleges he was assaulted by Schwabel in June 2017. He contends a Toledo police officer witnessed the assault but did not arrest the perpetrator. Doremus was treated for his injuries at St. Vincent's Hospital, where doctors sedated and intubated him. He claims police officers assaulted him while he was sedated.

Meanwhile, between May and August 2017, Doremus alleges Zaborowski filed multiple false police reports against him for violation of a temporary protection order; these false reports led to his arrest in June 2017. Doremus further alleges that while he was detained, he was transported to and from the hospital several times. Due to his high blood pressure, he contends the Toledo Police Department should have provided medical transport via ambulance. He claims they failed to do so in a retaliatory attempt to kill him. He also alleges medical staff falsified his hospital records.

Finally, in August 2017, Doremus alleges Zaborowski violated a protection order by coming within thirty feet of his home, but the Toledo police refused to arrest her. He provides no other details about this incident.

## STANDARD FOR DISMISSAL

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court, however, is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action has no arguable basis in law when a defendant is immune from suit or when Plaintiff claims a violation of a legal interest which clearly does not exist. *Id*. at 327. An action has no arguable factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Doremus, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements." *Id*. It need not contain detailed factual allegations, but its "factual allegations must be enough to raise

2

a right to relief above the speculative level." *Id*. This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A claim is plausible when the Complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

As an initial matter, Doremus fails to identify a federal cause of action against Zaborowski, Schwabel, the St. Vincent's Hospital staff, the Lucas County Sheriff, the Toledo Municipal Court, or the Toledo Municipal Court employees. He contends Zaborowski filed multiple false police reports against him and violated a state court protection order. He claims Schwabel assaulted him, and hospital staff falsified his medical records. Doremus does not identify a federal cause of action against any of these individuals, and none is apparent on the face of the Complaint.

Doremus alleges Zaborowski's grandfather is connected to the Lucas County Sheriff in some way. He does not, however, allege any facts pertaining to the Lucas County Sheriff, and does not assert any legal claims against him. Similarly, he does not allege facts pertaining to the Toledo Municipal Court or its employees, nor does he assert legal claims against them. Although the standard of review is liberal, the Complaint must give Defendants fair notice of the claims against them to meet the basic pleading requirements of Federal Civil Procedure Rule 8. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The claims against these Defendants do not meet the minimum pleading requirements to state a plausible claim upon which relief may be granted.

3

In addition, Doremus sues the Toledo Police Department, claiming Toledo police officers refused to file charges against others who wronged him, and held him down while medical personnel sedated him. The police department, being a mere arm of the City of Toledo, is not its own entity, and is not capable of being sued under Section 1983. *Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007), *abrogated on other grounds*, *Bailey v. City of Ann Arbor*, 860 F.3d 382 (6th Cir. 2017). Instead, the claims against the police department are liberally construed as claims against the City itself.

As a rule, local governments may not be sued under Section 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of the City of Toledo that may have violated Doremus's constitutional rights. Thus, he fails to state a claim against the Toledo Police Department.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

February 26, 2018